**Rober KHAZEL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70149.

United States Court of Appeals, Ninth Circuit.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 31, 2004.*

Decided April 2, 2004.

Dan E. Korenberg, Esq., Korenberg, Abramowitz and Feldun, A Law Corporation, Sherman Oaks, CA, Connie Y. Jones–Isais, Isais & Pfeiffer, LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David J. Kline, Esq., Hugh G. Mullane, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

This is a streamlined case in which we review the decision of the immigration judge ("IJ").[1]  To establish eligibility for asylum on the basis of past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control.[2]  The IJ found that, assuming his testimony was credible, Khazel was not eligible for asylum because the mistreatment he suffered on account of his religion was at the hands of his commanding officer only and was not condoned by the Syrian government.  This finding is supported by reasonable, substantial, and probative evidence in the record.[3]  The IJ based her decision on Khazel's testimony that Khazel was mistreated only by his commanding officer in the Syrian army,

---

* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  8 C.F.R. § 1003.1(a)(7); see Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003).

2.  Navas v. INS, 217 F.3d 646, 655 (9th Cir. 2000).

3.  Melkonian v. Ashcroft, 320 F.3d 1061, 1065 (9th Cir.2003).

Danda, and that Danda was tried and imprisoned for mistreatment leading to the death of another Christian soldier, as well as the State Department report which indicates that Christians are not singled out for persecution by the Syrian government. The evidence does not a compel a conclusion contrary to the IJ's finding, that Khazel's mistreatment was not committed by the government because Danda's actions were not condoned by the government.[4]

Because Khazel has not proven eligibility for asylum, the IJ correctly held that he cannot show eligibility for withholding of removal.[5] Khazel does not challenge the IJ's decision as to denial of relief under the Convention Against Torture, so we do not address it.

Petition DENIED.

---

4. *Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999).

5. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir. 1995).